# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Auto-Owners Insurance Company, | Civil Action No. 2:23-cv-00219-BHH |
| Plaintiff, | COMPLAINT |
| | (Declaratory Judgment) |
| vs. | (Non-Jury Trial Demanded) |
| Raymond D. Turner, The Oaks at Riverside North Property Owners Association, Steven Drew, Susan Drew, Selective Insurance Company of America, and Main Street America Insurance | |
| Defendants. | |

COMES NOW the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants Raymond D. Turner, The Oaks at Riverside North Property Owners Association (the "Association"), Steven Drew and Susan Drew (the "Claimants"), Selective Insurance Company of America ("Selective"), and Main Street America Insurance ("Main Street"), by and through undersigned counsel and respectfully shows unto the Court as follows:

## PARTIES AND JURISDICTION

1. Pursuant to 28 U.S.C. §2201, Auto-Owners seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under certain policies of insurance issued by Auto-Owners, Selective, and Main Street to the Association and Raymond D. Turner, under which the Association and/or Raymond D. Turner seek defense and indemnity in a lawsuit filed by Claimants against the Association, Raymond D. Turner, and others in the Berkeley County Court of Common Pleas, Case No. 2021-CP-08-02139.

1

2. Auto-Owners is a company organized under the laws of Michigan with its principal place of business in Lansing, Michigan. At All relevant times, Auto-Owners was authorized to do business as an insurance company in the State of South Carolina.

3. Upon information and belief, the Oaks at Riverside North Property Owners Association, Inc. is a non-profit organized and existing under the laws of the state of South Carolina doing business in South Carolina.

4. Upon information and belief, Raymond D. Turner is an individual currently residing in Greenville County, South Carolina. However, at all times relevant to the subject matter of this Complaint, Raymond D. Turner was a citizen and resident of Berkeley County, South Carolina.

5. Upon information and belief, Selective is an insurance company organized under the laws of New Jersey with its principal place of business in New Jersey. At all relevant times, Selective was authorized to do business as an insurance company in the State of South Carolina.

6. Upon information and belief, Main Street is an insurance company organized an existing in state other than South Carolina with its principal place of business in New Hampshire.

7. Upon information and belief, Steven W. Drew and Susan D. Drew are individuals residing in Berkeley County, South Carolina.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in the Charleston Division of the Court under 28 U.S.C. § 1391 because one of the defendants resides in the Division and the purchase of the condominium

residence, out of which this insurance coverage dispute arises, occurred in Berkeley County, South Carolina.

## MATERIAL FACTS

10. Auto-Owners re-alleges and incorporates herein by reference its prior allegations not inconsistent herewith.

11. Claimants purchased a condominium residence located at 134 Fairbanks Oaks Alley, Unit #203, Daniel Island, South Carolina (the "Subject Property") in August of 2020 from Raymond D. Turner. The Subject Property is located within the Oaks at Riverside North and is part of the Oaks at Riverside North Property Owners Association.

12. Prior to Claimants purchasing the Subject Property, Mr. Turner was an owner and resident of the Subject Property. Mr. Turner was a member of the Board of Directors of the Association, serving as President.

13. Prior to Claimants purchasing the Subject Property, the Association and Mr. Turner investigated water intrusion issues with the residences located in the Oaks at Riverside in October of 2015. Based upon those investigations, the Association undertook repairs from approximately mid 2016 through December of 2017. A letter of completion and certification for the repairs was issued on February 6, 2018.

14. Sometime in 2019, the Association and Mr. Turner learned that the repairs were unsuccessful, with water intrusion being reported in certain units. Mr. Turner continued to work with contractors regarding water intrusion issues and window testing in late 2019 and into 2020.

15. On or about August 23, 2020, one day before the Claimants closed on the Subject Property, Mr. Turner emailed fellow Association members indicating that the water intrusion

repairs had failed and there would need to be significant additional repairs to end the water intrusion and address the damage.

16.     Mr. Turner signed a property disclosure form dated 7/10/2020 indicating "NO" for any known common area problems or problems caused by water. He answered "N/A" regarding known termite issues.

17.     The Association is pursuing a construction defect case against several parties, including the engineer and contractors hired to complete the aforementioned repair work (case no. 2021-CP-08-2096) as part of the Association's attempt to address the water intrusion issues. The construction defect case is ongoing.

18.     Claimants allege that they closed on the Subject Property on or about August 24, 2020 without knowledge of the ongoing water intrusion issues.

19.     In January of 2022, Claimants were assessed $300,000 by the Association, to go towards a special assessment for repairs. This special assessment was one in a series. To date, Claimants have been assed $660,000 by the Association for repairs.

20.     Claimants allege Mr. Turner knowingly failed to disclose the water intrusion and related damage at the Subject Property to the Claimants.

21.     On October 26, 2021, Claimants filed an Amended Complaint against Raymond D. Turner, Cynthia J. Turner, and the Oaks at Riverside North Property Owners Association, Case No. 2021-CP-08-02139, in the Berkeley County Court of Common Pleas (the "Underlying Lawsuit"). (See Exh. 1, Amended Complaint)

22.     Auto-Owners is defending Raymond D. Turner, under a full Reservation of Rights, in the Underlying Lawsuit.

23. Auto-Owners is defending the Oaks at Riverside North Property Owners Association, under a full Reservation of Rights, in the Underlying Lawsuit.

24. Upon information and belief, Selective is not participating in the defense of Turner in the Underlying Lawsuit.

25. Upon information and belief, Main Street is not participating in the defense of Turner in the Underlying Lawsuit.

26. Auto-Owners issued a Tailored Protection Insurance Policy to the Oaks at Riverside North Property Owners Association, Policy No. 162316-36696679 (the "Policy"). The Policy provides, subject to its terms and conditions, liability coverage in the amount of $1,000,000 per occurrence. (See Exh. 2, Auto-Owners Policy).

27. Auto-Owners is informed and believes there is no coverage available for the claims raised in the Underlying Lawsuit as there has been no "occurrence", which is necessary to trigger coverage.

28. The Policy states, in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A – Bodily Injury and Property Damage Liability**
1. Insuring Agreement

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because or "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
> b. This insurance applies to "bodily injury" or "property damage" only if:
>   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>   (2) The "bodily injury" or "property damage" occurs during the policy period; and
>   (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had

occurred, in whole or in part. If such listed insured or authorized "employee" knew prior to the policy period, that "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

29.     The Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**6.** "Executive Officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

30.     Auto-Owners is informed and believes there is no coverage available for the claims raised in the Underlying Lawsuit as the Policy contains exclusions for expected or intended damages and damage to property you own, rent, occupy or use.

31.     The Policy contains the following relevant exclusions:

**2. Exclusions**
   This insurance does not apply to:

**a. Expected or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**j. Damage to Property**

"Property damage" to:

   (1) Property you own, rent, occupy or use, including any cost or expense incurred by you or any other person, organization or entity, for repair, replacement,

enhancement, restoration or maintenance of such property for any reason, including prevention or injury to a person or damage to another's property;

32. Auto-Owners is informed and believes there is no coverage available for the claims raised in the Underlying Lawsuit as economic losses as a result of alleged misrepresentations and nondisclosures do not constitute "property damage" as that term is defined by the Policy.

33. Auto-Owners is informed and believes there is no coverage available for Mr. Turner for the claims raised in the Underlying Lawsuit as he was not performing his duties as an officer or director of the Association with regard to the sale of his Unit to the Claimants.

34. The Policy defines an insured is as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:
   **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

35. The Policy provides coverage for damages caused by an "occurrence."

36. Auto-Owners adopts and re-alleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

37. Auto-Owners seeks relief pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

38. Auto-Owners is informed and believes that a justiciable controversy exists between the parties, that the parties named as defendants have or may claim an interest in the subject matter of this litigation, and that the disposition of the policies in this matter will affect the rights and liabilities of the defendants.

39. Auto-Owners contends that the Policy does not provide coverage for the claims alleged in the Underlying Lawsuit because:

   a. Turner is not an insured under the Policy, because he was not acting pursuant to his duties as an executive officer based on the allegations in the Underlying Lawsuit;

   b. The Expected or Intended Injury exclusion bars coverage for property damage intended or expected by an insured;

   c. The "property damage", if any, occurred, and was known, prior to the policy period;

   d. The Underlying Lawsuit does not allege an "occurrence" as defined by the Policy;

   e. Economic loss caused by misrepresentation and/or non-disclosure is not covered under the definition of "property damage"; and

   f. Such other and additional reasons as may be supported by the discovery in this action.

40. On information and belief, the Selective policy provides liability coverage to Mr. Turner that is responsive to the claims made in the Underlying Lawsuit.

41. On information and belief, the Main Street policy provides liability coverage to Mr. Turner that is responsive to the claims made in the Underlying Lawsuit.

42. Auto-Owners respectfully requests that the Court inquire into the dispute between the parties, review the relevant Policy and applicable facts, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the Policy.

WHEREFORE, Auto-Owners prays:

(1) That the Court inquire into these matters and enter an Order declaring that there is no coverage provided by the Policy for the loss at issue and that Auto-Owners has no duty to

defend or indemnify the Association or Mr. Turner or any other defendants in the Underlying Lawsuit;

(2) That the Court enter an Order declaring that the Selective and Main Street must defend and indemnify Mr. Turner in the Underlying Lawsuit;

(3) For reasonable attorney's fees and cost; and

(4) For such other and further relief as this Court may deem just and proper.

**Respectfully Submitted By**:

By: /s/ Michelle Endemann
Michelle N. Endemann (Federal Bar No. 11010)
Clarkson, Walsh & Coulter, P.A.
497 St. Andrews Boulevard
Charleston, SC 29407
P: 843-936-5043
mendemann@clarksonwalsh.com

*Attorneys for Plaintiff Auto-Owners Insurance Company*

On this 17th day of January 2023
Charleston, South Carolina