| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF BERKELEY ) <br> ) <br> ) <br> Steven W. Drew and Susan D. Drew, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Raymond D. Turner, Cynthia J. Turner, and ) <br> the Oaks at Riverside North Property ) <br> Owners Association, ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br> FOR THE NINTH JUDICIAL CIRCUIT <br><br> CASE NO.: 2021-CP-08-02139 <br><br><br><br> **AMENDED SUMMONS** <br><br> **(Jury Trial Demanded)** |

TO: THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your pleading to said Amended Complaint upon the subscribers at their offices at 2036 eWall Street, Mount Pleasant, South Carolina 29464, within 30 days after the service hereof, exclusive of the day of such service, and if you fail to answer the Amended Complaint within the time aforesaid, Plaintiffs will apply to the Court for judgment by default for the relief demanded in the Amended Complaint.

McCULLOUGH ▪ KHAN ▪ APPEL

s/Clayton B. McCullough
Clayton B. McCullough, Esq.
2036 eWall Street
Mount Pleasant, SC 29464
(843) 937-0400
(843) 937-0706 (fax)
clay@mklawsc.com

**COUNSEL FOR THE PLAINTIFFS**

October 26, 2021
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | |
| ) | CASE NO.: 2021-CP-08-02139 |
| Steven W. Drew and Susan D. Drew, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT** |
| ) | |
| Raymond D. Turner, Cynthia J. Turner, and ) | **(Jury Trial Demanded)** |
| the Oaks at Riverside North Property ) | |
| Owners Association, ) | |
| ) | |
| Defendants. ) | |

COMES NOW THE ABOVE-NAMED PLAINTIFFS, complaining of the above-named Defendants, would respectfully show unto this Court the following:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiffs, at all times relevant to the subject matter of this Complaint, were citizens and residents of Berkeley County, South Carolina.

2. Defendants, Raymond D. Turner, III and Cynthia J. Turner ("Defendant Sellers") are currently residents of Greenville County, South Carolina; however, at all times relevant to the subject matter of this Complaint, were citizens and residents of Berkeley County, South Carolina and the former owners of the residence at issue.

3. This action arises out of the purchase of a condominium residence located at 134 Fairbanks Oaks Alley, Unit #203, Daniel Island, South Carolina ("The Residence"). The Residence is located within the Oaks at Riverside North and is part of the Oaks at Riverside North Property Owners Association ("Association").

4. The Oaks a Riverside North Property Owners Association, Inc. is a nonprofit eleemosynary corporation and horizontal property regime organized and existing pursuant to the laws of South Carolina doing business in South Carolina.

5. The Association is comprised of all persons or entities owning condominium units located within the condominium project known as the Oaks at Riverside North and is governed by a Board of Directors (the "Board").

6. The Board is comprised of three (3) duly elected members of the Association.

7. By virtue of its governing documents, the Association is charged with certain duties, powers, rights, and authority in connection with the Oaks at Riverside North as set forth in the Master Deed of the Oaks at Riverside North Horizontal Property Regime dated October 30, 2015, and filed in Book RB 2047, page 751 of the Berkeley County Register of Deeds, as well as any Amendments thereto.

8. Specifically, the Association is charged with, *inter alia*, the management and administration of the Oaks at Riverside North, the investigation, maintenance, and repair of the Oaks at Riverside North's common elements and limited common elements.

9. The Oaks at Riverside North consists of one (1) building containing nine (9) residential condominium units. The building, condominiums, common and limited common elements are hereinafter referred to collectively as the "Regime."

10. All of the material acts, omissions, and other actionable conduct giving rise to the causes of action stated herein occurred in Berkeley County, South Carolina, and the residence at issue is located in Berkeley County.

11. This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in Berkeley County, South Carolina.

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

## FACTUAL ALLEGATIONS

12. Plaintiffs incorporate the foregoing Paragraphs as if fully stated herein verbatim.

13. Defendant Raymond D. Turner, III was the Association Board President and owner, together with his wife, of the Residence.

14. The Defendant Sellers listed the Residence for sale in 2020.

15. On July 11, 2020, the Parties entered into a Purchase Contract for the sale and purchase of the Residence. Included in the Purchase Contract is the South Carolina Residential Property Condition Disclosure Statement filled out and signed by the Defendants (Exhibit #1).

16. The Defendant Sellers stated in the disclosures, and in the marketing of the Residence, that there were no known issues within the Residence or the Regime property.

17. In fact, unbeknownst to the Plaintiffs, the Regime had historically suffered from severe and continuous water infiltration issues in multiple locations. A prior remediation / repair had occurred, it had been discovered that the repairs had failed, and the Regime was, in fact, in need of immediate and significant repairs.

18. As Association President, Defendant Raymond Turner was well advised of the ongoing issues throughout the Regime and was actually the lead person in formulating a plan to perform another round of costly repairs.

19. All of this was occurring before and during the time Defendant Sellers listed and marketed the Residence for sale.

20. During the time period Defendant Turner was Association President, there were almost no formal Board Meetings and virtually no written record of what was occurring. What has been discovered was that there was a Board meeting on March 9, 2020, wherein President Turner and Vice President Behringer "discussed the history of the ongoing water intrusion issues."

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

Mr. Parker, a repair contractor, made a presentation to the Board detailing the "Building Repairs for Water Intrusion." The meeting minutes stated "Mr. Parker discussed the current plan to address the new issues that have been discovered after the previous issues were addressed . . . After some discussion, there was some concern that some or many of the issues are still from the roof. President Turner noted that many of the water issues that have been discovered are involving windows and balcony doors" (Exhibit #2).

21.     Interestingly, there does not appear to be another Regime Board meeting until November 2020.

22.     On August 16, 2020, and again on August 23, 2020, Defendant Raymond Turner emailed other Association Board members updating them on the Regime's "Water Intrusion Repairs." He details the historical water infiltration issues, the repairs made, and the fact that the repairs have failed, and the Regime property was in need of significant additional repairs to stop the ongoing water leaks (Exhibit #3).

23.     Incredibly, the closing on the Residence was on August 24, 2020 – the day after Turner's email described above. None of these ongoing issues were ever disclosed, and they were unknown to the Plaintiffs.

24.     Plaintiffs proceeded with the purchase of the Residence totally unaware of the significant, ongoing water infiltration issues caused by multiple construction defects that were known to the Defendants.

25.     After closing, the Plaintiffs learned for the first time that:

    a.  The Residence has significant water infiltration issues that have caused extensive damage;

    b.  The Regime is in need of immediate and extensive repairs to fix all of the issues described by Turner in the email above; and

5

    c.    There is going to be a substantial assessment to each property owner to fund the necessary Regime repairs.

## FOR A FIRST CAUSE OF ACTION
### (Negligent Misrepresentation)

26. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as if fully restated herein.

27. The Defendants made false representations to the Plaintiffs concerning the condition of the Residence and the Regime property.

28. The Defendant Sellers had a pecuniary interest in making the false representations in that they gained a substantial sum in the sale of the Residence to the Plaintiffs.

29. The Association also had a pecuniary interest in making false representations as the Association is made up of other owners. The ongoing construction defects and water infiltration into the Regime property decreased the value of the Regime property and the individual units themselves. An effort was clearly made by the Association to keep the information private to avoid public disclosure thereby decreasing the value of the Association property.

30. The Defendants owed the Plaintiffs a duty of due care to communicate truthful information concerning the condition of the Residence and the Regime property.

31. The Defendants breached their duty to the Plaintiffs by failing to exercise due care in their communications with the Plaintiffs concerning the condition of the Residence and the Regime property.

32. The Plaintiffs justifiably relied on the representations of the Defendants.

33. The Plaintiffs have suffered a pecuniary loss as a direct and proximate result of their reliance on the representations.

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

## FOR A SECOND CAUSE OF ACTION
(Negligence)

34. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as if fully restated herein.

35. Defendant Sellers owed Plaintiffs a duty of care to fully and truthfully inform them of all material facts affecting the Residence, including to disclose, inform, and truthfully represent the condition of the Residence and the Regime property as a whole.

36. The Association had a duty to investigate, maintain, and repair Regime common elements and limited common elements, to keep owners aware of ongoing maintenance issues and pending assessments, and to fully and completely disclose ongoing known construction defects causing numerous active water infiltration issues in the Regime property to prospective buyers.

37. Defendants were negligent, grossly negligent, reckless, willful, and wanton in one or more ways, including, but not limited to:

   a. Negligently marketing the Residence as free from defects;

   b. Negligently marketing the Regime as free from defects;

   c. Failure to disclose known construction defects in the Regime and the Residence;

   d. Failure to disclose known water leaks in the Regime and the Residence;

   e. Failure to make the necessary repairs to the Regime and the Residence;

   f. Failure to warn of the pending construction defect claims that existed in the Regime and Residence;

   g. Failure to warn of the pending assessments necessary to fund the repairs to the Regime; and

   h. Failure to properly and effectively serve as the HOA Board President and allowing the known construction defects to worsen.

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

38. Had Defendants disclosed these material facts, the Plaintiffs would not have purchased the Residence and would not now be responsible for substantial assessments to repair the Regime and costs to repair the Residence.

39. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, willful, and wanton conduct, Plaintiffs have been damaged.

### FOR A THIRD CAUSE OF ACTION
### (Defendants Sellers)
### (Violation of SC Code Ann. §27-50-10 *et seq.*)

40. Plaintiffs re-allege the allegations contained in the foregoing paragraphs as if fully restated herein.

41. The Defendant Sellers, as sellers of real estate, were required to complete a "State of South Carolina Residential Property Condition Disclosure Statement" (hereinafter "Disclosure Statement") pursuant to SC Code Ann. §27-50-10 *et seq.*

42. These Defendants owed Plaintiffs a duty to see that truthful information was communicated in the Disclosure Statement.

43. The Defendant Sellers breached their duty to the Plaintiffs by communicating false and untruthful information in the Disclosure Statement.

44. As a direct, proximate and foreseeable result of the Defendant Sellers' violation of SC Code Ann. §27-50-10 *et seq.*, the Plaintiffs have been damaged in an amount to be determined by the trier of fact. Moreover, pursuant to SC Code Ann. §27-50-65, Plaintiffs are entitled to attorneys' fees and costs associated with investigating and prosecuting this action.

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

## FOR A FOURTH CAUSE OF ACTION
### (Defendant Sellers)
#### (Fraud in the Inducement)

45. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs as if fully restated herein.

46. These Defendants were the sellers of the Residence purchased by the Plaintiffs.

47. To induce the Plaintiffs to purchase the Residence, the Defendant Sellers made numerous material representations which were false and were made by the Defendant Sellers with the knowledge of their falsity or the ignorance of their truth.

48. The Plaintiffs reasonably relied on the material representations of the Defendant Sellers and had no knowledge the representations made by these Defendants were false, and the Plaintiffs were, therefore, fraudulently induced by the Defendant Sellers to purchase the Residence.

49. The Plaintiffs made a unilateral mistake in the purchase of the Residence. Plaintiffs were fraudulently induced by the Defendant Sellers to make the unilateral mistake as a result of the direct, proximate, and foreseeable result of the fraud, deceit, misrepresentation, and active concealment perpetrated upon the Plaintiffs by these Defendants.

50. Subsequent to the purchase of the Residence, the Plaintiffs have been informed and now believe that the Residence and the Regime property was defectively constructed and repaired such that from the time of completion though the present, the Residence and Regime have been exposed to the same generally harmful conditions in the form of water intrusion and property damage, such that it is now unsafe and will require substantial renovations and repairs. Plaintiffs are entitled to all incidental, consequential, direct, and indirect damages proximately caused by the

Defendant Sellers when they fraudulently induced Plaintiffs to purchase the Residence. In addition thereto, the actions of the Defendant Sellers entitle the Plaintiffs to an award of punitive damages.

### FOR A FIFTH CAUSE OF ACTION
### (Defendant Sellers)
### (Fraud)

51. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs as if fully restated herein.

52. Defendant Sellers made multiple material representations about the condition of the Residence and the Regime property.

53. These material representations were false and were known to be false at the time they were made by these Defendants. They were also recklessly made.

54. The Defendant Sellers intended for the Plaintiffs to rely upon the false representations and, in fact, Plaintiffs did rely upon them.

55. Plaintiffs were unaware the representations were false.

56. Plaintiffs relied upon these representations.

57. Plaintiffs were entitled to rely upon the Defendants' representations.

58. As a direct and proximate result, Plaintiffs have suffered damages.

59. Plaintiffs relied on these representations.

60. Plaintiffs are entitled to actual and punitive damages.

WHEREFORE, the Plaintiffs pray this Honorable Court inquire into the matters set forth herein and award judgment in favor of the Plaintiffs against the Defendants, as follows:

    a. For all actual, direct, indirect, special, and consequential damages against the Defendants in an amount to be shown at trial;

    b. For punitive damages in an amount to be determined by the trier of fact;

    c. For prejudgment and post judgment interest;

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139

d.  For all attorneys' fees and costs associated with investigating and prosecuting this action; and

e.  For all other relief this Honorable Court deems just and proper.

**McCULLOUGH ▪ KHAN ▪ APPEL**

s/Clayton B. McCullough
Clayton B. McCullough, Esq.
2036 eWall Street
Mount Pleasant, SC 29464
(843) 937-0400
(843) 937-0706 (fax)
clay@mklawsc.com

**COUNSEL FOR THE PLAINTIFFS**

October 26, 2021
Charleston, South Carolina

ELECTRONICALLY FILED - 2021 Oct 26 3:43 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802139